Curtis R. Hussey, Esq.  (USB #5488)
Hussey Law Firm, LLC
82 Plantation Pointe Road #288
Fairhope, AL  36532
Telephone:  (801) 358-9231
E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Desiree Clucas

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| Desiree Clucas, <br><br> Plaintiff, <br> v. <br><br> Synchrony Bank f/k/a GE Capital Retail Bank, <br><br> Defendant. | Case No.: 2:19-cv-00742-PMW |

For this Complaint, Plaintiff, Desiree Clucas, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. (the "TCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action

occurred in this District.

## PARTIES

3. Plaintiff, Desiree Clucas ("Plaintiff"), is an adult individual residing in Port Orange, Florida, and is a "person" as defined by 47 U.S.C. § 153(39), and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant Synchrony Bank f/k/a GE Capital Retail Bank ("Synchrony"), is a Utah business entity with an address of 170 West Election Road, Suite 125, Draper, Utah 84020, and is a "person" as defined by 47 U.S.C. § 153(39). Synchrony is a company which furnishes consumer information to the credit reporting agencies.

## FACTS

5. Within the last year, Synchrony began calling Plaintiff's cellular telephone, number 386-XXX-8039, using an automatic telephone dialing system ("ATDS"), in an attempt to collect a debt.

6. When Plaintiff answered calls from Synchrony, she heard music and had to wait on the line before she would here a beep and then be connected with a representative.

7. Plaintiff disputed the alleged debt to Synchrony verbally as well as via facsimile.

8. Synchrony failed to conduct an adequate investigation into Plaintiff's dispute and failed to properly update Plaintiff's credit report.

9. At the end of December 2018, Plaintiff spoke with a live representative and requested that all calls to her cease.

10. Nevertheless, Synchrony continued to place automated calls to Plaintiff's cellular telephone number.

**COUNT I**
**VIOLATIONS OF THE TCPA - 47 U.S.C. § 227,** *et seq.*

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone system(s) have some earmarks of a predictive dialer.

15. When Plaintiff answered calls from Defendant, she heard music and a beep before Defendant's telephone system would connect her to the next available representative.

16. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47

U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendant was and is assigned to a cellular telephone serviced by Metro PCS for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

19. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

23. Plaintiff incorporates by reference paragraphs 1 through 10 of this Complaint as though fully stated herein.

24. Defendant violated 15 U.S.C. § 1681s-2(b) by willfully and/or negligently failing to conduct an investigation with respect to the disputed information; by failing to review all relevant information provided by the consumer reporting agencies pursuant to section 1681i; and by failing to modify, delete or permanently block the disputed information.

25. Defendant's conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In

the alternative, Defendant's conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

26. As a result of Defendant's conduct, action, and inaction, Plaintiff incurred actual damages in the form of loss of the ability to purchase and benefit from credit.

27. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory pursuant to 47 U.S.C. § 227(b)(3)(B), and 15 U.S.C. § 1681;

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Attorney's fees and costs pursuant to 15 U.S.C. § 1681;

D. Actual damages pursuant to 15 U.S.C. § 1681;

E. Punitive damages pursuant to 15 U.S.C. § 1681; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 9, 2019                                        Hussey Law Firm, LLC


By:   /s/   Curtis R. Hussey
Curtis R. Hussey

Attorney for Plaintiff
Desiree Clucas